People v McGriff (2021 NY Slip Op 02639)





People v Mcgriff


2021 NY Slip Op 02639


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


339 KA 19-00488

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEENAN MCGRIFF, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, BUFFALO (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered February 11, 2019. The judgment convicted defendant upon his plea of guilty of manslaughter in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the second degree (Penal Law
§ 125.15 [1]), defendant contends that his waiver of the right to appeal is invalid and thus does not encompass his challenge to the severity of his sentence. Even assuming, arguendo, that defendant's waiver of the right to appeal was invalid (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US — 140 S Ct 2634 [2020]), and thus does not preclude our review of his challenge to the severity of his sentence (see People v Baker, 158 AD3d 1296, 1296 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]), we conclude that the sentence is not unduly harsh or severe.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court